UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Connecticut River Watershed Council, Inc. d/b/a Connecticut River Conservancy<br>15 Bank Row, Greenfield, MA 01301<br><br>*Plaintiff,*<br><br>U.S. Federal Energy Regulatory Commission<br>888 First St. NE, Washington, D.C. 20426<br><br>*Defendant.* | CIVIL ACTION NO.<br><br>**COMPLAINT** |

1.  Plaintiff Connecticut River Watershed Council, Inc. d/b/a Connecticut River Conservancy ("CRC" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the U.S. Federal Energy Regulatory Commission, ("FERC" or "Defendant") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

**PARTIES**

2.  Plaintiff, Connecticut River Watershed Council, Inc. d/b/a Connecticut River Conservancy ("CRC" or "Plaintiff"), is a non-profit organization incorporated under the laws of the Commonwealth of Massachusetts and headquartered in Greenfield, Massachusetts.

3.  CRC's mission is to be the voice for the Connecticut River watershed, from source to sea. It collaborates with partners across New Hampshire, Vermont,

Massachusetts and Connecticut to protect and advocate for rivers and educate and engage communities. CRC brings people together to prevent pollution, improve habitat, and promote enjoyment of the Connecticut River and its tributary streams. Healthy rivers support healthy economies.

4. As part of its mission, CRC is an active participant in and party to the relicensing proceeding pending before FERC of the Northfield Mountain and Turners Falls projects, both owned by FirstLight Power Resources, Inc. (FirstLight).

5. Defendant, the U.S. Federal Energy Regulatory Commission (FERC or Defendant), is an agency of the United States as defined by 5 U.S.C. § 552(f)(1). FERC, *inter alia*, licenses certain energy projects pursuant to the Federal Power Act, 16 U.S.C. § 791a *et seq.*

6. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

7. On or about February 14, 2018, FERC Commissioner Neil Chatterjee visited the First Light Northfield Mountain Pumped Storage, Turners Falls Dam, and Cabot Station hydro-electric facilities in Massachusetts.

8. On or about March 6, 2018, CRC, through its attorneys, submitted a FOIA request, attached as Exhibit A, to FERC seeking:

> a. All documents, materials, communications, notes, and all other information provided to Commissioner Chatterjee by any person during, or in relation to, his February 14, 2018 (on or about) visit to the First Light Northfield Mountain Pumped Storage (P-2485, located in Northfield,

Massachusetts) and Turners Falls Dam and Cabot Station (P-1889, located in Montague, Massachusetts) hydro-electric facilities; and

      b.     All documents, materials, communications, notes, and all other information provided to FERC, FERC staff, or Commissioner Chatterjee's aide(s), by any person during, or in relation to, his February 14, 2018 (on or about) visit to the First Light Northfield Mountain Pumped Storage and Turners Falls and Cabot hydro-electric facilities; and

      c.     All other materials, communications, notes, and all other information prepared by FERC, FERC Staff, Commissioner Chatterjee, his aide(s), Federal agencies, agency officials, and First Light (including its consultants and agents) relating to Commissioner Chatterjee's February 14, 2018 (on or about) visit to the First Light Northfield Mountain Pumped Storage and Turners Falls and Cabot hydro-electric facilities.

    9.     On March 7, 2018, FERC responded to CRC's request via email. This email assigned the reference number FOIA-2018-63 to the request and stated that it would respond within 20 business days or by April 4, 2018.

    10.     On April 3, 2018, FERC sent a letter stating that it had extended the time for responding so that it could consult with other components of the agency. This letter stated that "we expect to be able to send you an initial determination on your request by April 18, 2018." That letter is attached as <u>Exhibit B</u>.

    11.     On April 11, 2018, FERC produced two partially redacted documents and stated the agency had "identified numerous documents that may be responsive to this request." FERC further stated that it would produce "additional determinations addressing the remaining documents . . . on a rolling basis" because of the "volume of information requested and the amount of Commission staff time required" to process the request. FERC stated that it would "endeavor to provide [CRC] with another determination within twenty business days" of its April 11,

2018 letter. FERC also informed CRC that its appeal rights would be held "in abeyance pending a final determination." That letter is attached as <u>Exhibit C</u>.

12.     FERC has not produced any documents or issued any further determinations, communications, information, or notices to Plaintiff since the April 11, 2018 letter.

13.     The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

14.     The FOIA requires agencies to make a determination on a FOIA request or appeal within twenty working days after its receipt. 5 U.S.C. § 552(a)(6)(A)(i–ii). Agencies may extend this twenty-day time period only upon written notice of "unusual circumstances," and then for no longer than ten working days.  5 U.S.C. § 552(a)(6)(B).

15.     To date, Defendant has not indicated that any "unusual circumstances" existed regarding this FOIA request. It has not specified what documents it is reviewing, their volume, or a timetable for any "rolling" review or production.

16. To date, Defendant has failed to make a final or a "rolling" determination on, or produce additional documents in response to, Plaintiff's March 6, 2018 FOIA request, Case Number FOIA-2018-63.

17. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. FERC is frustrating Plaintiff's efforts to educate the public about how and to what extent regulated energy industry entities are influencing FERC commissioners' consideration of permitting and regulatory matters related to FERC's statutory obligations.

18. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Plaintiff constructively exhausted its administrative remedies when FERC failed to produce a determination on May 9, 2018, 20 working days after Defendant's letter of April 11, and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

20. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

21. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

22. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## CAUSE OF ACTION

23. Plaintiff incorporates and restates the allegations of the preceding paragraphs as though fully set forth herein.

24. Defendant's failure to disclose the records requested is a wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

  ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

  iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on October __, 2018,

/s/     Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstein@peer.org

 /s/    **Ronald A. Shems**
Ronald A. Shems
        Motion for *pro hac vice* admission pending
Diamond & Robinson, P.C.
15 East State Street
P.O. Box 1460
Montpelier, VT 05601-1460
(802) 223-6166
ras@diamond-robinson.com

*Counsel for Plaintiff*